IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED - GR
February 17, 2022 10:45 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: KB /2/17

1:22-cv-142
Sally J. Berens
U.S. Magistrate Judge

Civil Action No. _____
(To be supplied by the court)

Jabari J. Johnson, Plaintiff

v.

Lewis Babcock
Phillip Wieger,
Cole Woodward,
Rebekah Ryan,
Loreyyn Gonzales,
Headley, Jason Allenbaumer

Stephanie Dalton
Carolyn Hansen
Amy Wesneck
Sheree Book
Daniell Smith
Kathleen Boyd
Dian Fergerson
Crystal Kammrad
Richard Klodge
Trujillo
Carly
Mark Andries
Mark Rudnik
Ashley Albury
Christopher

, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

**PRISONER COMPLAINT**

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jabari J. Johnson #171600 50 Evans Blvd

(Name, prisoner identification number, and complete mailing address)

Canon City, CO, 81215

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- ___ Pretrial detainee
- ___ Civilly committed detainee
- ___ Immigration detainee
- ✓ Convicted and sentenced state prisoner
- ___ Convicted and sentenced federal prisoner
- ___ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Phillip Wieser, Attorney General, 1300 Broadway

(Name, job title, and complete mailing address)

Denver, CO, 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Phillip Wieser acted under the color of law

Defendant 1 is being sued in his/her ✓ individual and/or ___ official capacity.

2

Defendant 2: Cole Woodward, Assistant Attorney General
(Name, job title, and complete mailing address)
1300 Broadway, Denver, CO, 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ___ No (*check one*). Briefly explain:
Cole Woodward knowingly acted under the color of law

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: Rebekah Ryan, Assistant Attorney General
(Name, job title, and complete mailing address)
1300 Broadway, Denver, CO, 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ✓ Yes ___ No (*check one*). Briefly explain:
Rebekah Ryan knowing acted under the color of law

Defendant 3 is being sued in his/her ✓ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

3

### D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Americans With Disability/Rehab Act Claim Two: Retaliation For Speech
Claim Three: Cruel And Unusual Punishment Claim Four: Deliberate Indifference
Claim Five: Equal Protection Clause

Supporting facts:

From 2018-current date Attorney Phillip Wieser the attorney General and assistant attorney General Cole Woodward has not been transparent about Plaintiffs Physical condition as they have aided and abetted the Colorado State Penitentiary Nurses and Dr.'s Sheree Book, Amy Wesneck, Daniell Smith, Ashley Albury, Crystal Kammrad, Jason Allenbaumer, Xleadly, Mark Andries, Mark Rudnik, Dion Fergerson, Christopher, Trujillo, Carly Dr. Richard Xlodge, Dr. Kathleen Boyd & Stephanie Dalton.

None the less such documents were made restrictive in case 20-cv-00447-PAB-MEN as Cole Woodward releosed all medical documents to the court in this case in which Judge/Magistrate Michael Hegarty and Chief Judge Phillip Brimmer saw and immiediately denied access to the medical documents which occured on 7/21/20 under ECF document 78 stating verbatim Restricted Document Level 1 Exhibits A,B,C to 77 Declaration of Maj. Jay Xluilson by Defendants Michael Allen, Kathleen Boyd, Meggan Castillo, Richard Xlodge, Ryder May, Nicole Wilson. (Attachments #1 Exhibit, Exhibit B, #2 Exhibit, Exhibit C) (Woodward Cole) Modified on 7/22/2020 to document title and linkage sphil ) Entered 7/21/20.

Cole Woodward, Rebekah Ryan, Phillip Wjeser, Loressa Gonzales have all witnessed Plaintiffs medical records listed below in cases 18-CR-84, 15CR-2337, 20-cv-00447-PAB-MEN and 20-cv-00435-PAB-MEN.

1. Time stamp 16 Sept 2017 Alla Shkolnik offender given 1 black post op shoe for right foot.
2. 8/30/17 with opening BTMJ "clunk" mandible deviates to patients left with opening on palpation the outter right side of Jaw along toothline is concaved compared to left by Dr. Laura Allen.
3. 8/30/2017 There is an obvious deformity to second toe with foot placed flat on floor. right toe is approx 2cm higher than other toes by Dr. Laura Allen.
4. 9/30/17 states moves all extremities pre-existing condition with right foot has medical boot for foot difficulty applying weight on foot.
5. 12/12/18 filed in case 18-CR-84 under filing ID 4FD2AB462378 stated wheelchair for permanent use filed by Kathleen McGuire.
6. 12/13/18 Nurse Ashley Albury states Plaintiff is in a cripple state in case 20-CV-00447-PAB-MEN also filed by Cole Woodward.

4

7. 12/13/18 filed in a case 18-CR-84 on 12/21/20 filed by Kathleen McGuire which states item wheelchair expiration date stating none.

8. 3/5/19 Dr. Richard Nodge mandated wheelchair and ADA showercell filed in case 15-CR-2337 on 1/25/21 by Attorney Patrick Grentzler.

9. 4/15/19 Disciplinary Hearings officer Raeanne Will states verbatim Nurse Albury did report that offender Johnson currently has a medical order for a wheelchair.

10. 6/17/19 ADA Coordinator Janet Smith indicated Plaintiff have a wheelchair for housing and daily living.

11. On 8/11/21 Dr. Martin of the Colorado Mental Institute prescribed Plaintiff a wheelchair.

12. Attorney Easha Anand of case 21-1371 have also witnessed above medical records along with Attorney's Patrick Grentzler and Kathleen McGuire exposing Plaintiffs need for wheelchair.

Yet the corrupt illicit office of Attorney General Defendants Wieser, Ryan, Gonzales, and Woodyard commit fraud literally lying for years violating the Rules and Ethics causing Plaintiff to suffer in pain due to injuries causing further pain and injuries as Defendants conspire against Plaintiff in retaliation due to intent to sue and discrimination due to Plaintiffs disability.

See Federal case 22-cv-00042 KMT and Federal case 22-cv-00042 in which Phillip Wieser committed fraud when he took case 21-cv-269 from state court in retaliation, denying Plaintiff of addressing claims of the defendants official capacity claims in state court for monetary relief in which in federal cases you cannot sue for monetary relief in the defendants official capacity therefore the defendants retaliation and discrimination against Plaintiff due to disability including aiding the defendants attempting to stop Plaintiff from seeking monetary relief, failing to act, aiding and abetting the incompetent illicit racist Dr.'s and Nurse who claimed that they don't treat NIGGERS for years since 2019, as Plaintiff suffers in pain due to injury's.

Defendants Wieser, Ryan, Gonzales and Woodward have all discriminated against Plaintiff because of disability violating the 8th Amendment Americans with Disability Rehab Act causing further pain and injury to Plaintiffs injury with Plaintiff undinerable need of care violating the 8th Amendment Cruel And Unusual Punishment/Deliberate Indifference intentionally interferring with Plaintiffs treatment and Dr.'s mandates, lying violating the 1st Amendment Retaliation for speech, due to Plaintiffs intent to sue aiding the nurse's and Dr.'s illicit actions when they have full knowledge that it is illicit from 2019-2022.

On 3/6/2020 Judge Lewis Babcock enviously committed presudicial bias unequivocally placing the Plaintiff under the 3 strike rule abusing his descretion due to Plaintiffs undeniable astuteness when litigating in which the Judge retaliated making ineffective legal claims identifing that the 3 cases mentioned below were frivolous when the cases where undoubtedly not.

A. Johnson v. Hill et al., 20-cv-00188 was not legally frivolous in which the Plaintiff was refused of food, were such unlawful conduct caused physical injury of headaches, dizziness also feeling faint, however the unlawful conduct violate the 8th Amendment Cruel And Unusual Punishment/Deliberate Indifference, were as due to the deprival of food Plaintiff sustained a physical injury that should have never occured initially, due to the fact the basic necessity of prison confinement is adequate food, clothing, shelter, recreation, medical care and reasonable safety from bodily harm. If a DOC staff member fails to provide such necessity's the staff members are deemed liable.

See Estelle v. Gamble 429 U.S. at 104 (Chief purpose of Cruel And Unusual Punishment Clause is to prevent the unnecessary and wanton infliction of pain.

see Taylor v. Salazar 810 F.3d 836, 839 (10th Cir 2008) (inhumane conditions of confinement including deprival of adequate food, clothing, shelter, recreation, medical care, and reasonable safety from bodily harm is an 8th Amendment violation under Cruel And Unusual Punishment).

B. Johnson v. Hampton 20-cv-00161 was not legally frivolous in which Plaintiff was humiliated forced to scoot and crawl on the floor demeaned called cripple niggers as Plaintiff is required to have a wheelchair per mandated documents in which Sgt Hampton knew but failed to act which violates the 8th Amendment Cruel And Unusual Punishment / Deliberate Indifference.

see Ashcroft v. Iqbal __ U.S. __ 129 S.Ct 1937, 1949 (2009) (showing that a defendant knows a serious risk and fails to take reasonable action to correct it does show deliberate indifference).

see Merritt v. Hawk, 153 F.Supp.2d 1216, 1227-28 (D.Colo.2001) (Plaintiffs Allegations that he had informed various supervisory officials about his problem sufficiently pled their personal involvement.

see Davis v. GEO Care Corr. Inc. 696 F.Appx. 851, 855 (10th Cir 2017) Allegations that Defendants have displayed a deliberate indifference towards a prisoners serious medical needs and denied him adequate medical treatment are sufficient to facially establish imminent and serious danger requirement).

see Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir 2000) (a medical need is serious if it is mandated by a Dr. and diagnosis that even a lay person can see the necessity of treatment).

see Fuller v. Wilcox, 2008 WL 2961388 *1 (10th Cir Aug 4, 2008) (unpublished) Denial of a wheelchair meaning Plaintiff must crawl and could not walk to shower or lift himself to his bed could result in a number of serious physical injuries.

C. Johnson v. Ponce 20-cv-00014 was not legally frivolous were as she had full knowledge of plaintiffs crippled disability/injury as painful open sores formed on Plaintiffs body due to lack of shower, as Ponce indicated Plaintiff will not get a shower, also not providing Plaintiff a shower.

see Tafoya v. Salazar, 516 F.3d 836, 839 (10th Cir 2008) (inhumane conditions of confinement including deprival of adequate food, clothing, shelter, recreation, medical care, and reasonable safety from bodily harm is an 8th Amendment violation).

Plaintiff suffers from an impaired right foot in which he is deprived of his mandated medical boot or surgery since 2017. Plaintiff suffers from denial of wheelchair since 1/19/19 as he has Dr. mandates etc stating he is required to have a wheelchair and shower cell as my right foot swells due to Plaintiff being forced to scoot and crawl. Plaintiff has painful open sores all over his body from the deprival of showers, as Plaintiff has been denied of access to the Courts, due to retaliation by Judge Lewis Babcock since 2019 - current date in retaliation as Plaintiff suffer from actual injury due to Babcocks abuse of descretion falsly accusing Plaintiff of accumilating 3 strikes when none of Plaintiffs case's were frivolous.

From 4/2021 - current date Law Librarian Carolyn Hansen refused to comply to Lewis Babcocks sanctioning request of notary requests of notary by Judges Bacharach, Murphy and Carson in retaliation in which Plaintiff need in order to defeat the sanctioning order as Habari Johnson has shown and told Carolyn Hansen on numerous occassions of the sanctioning order within the Federal Court and court of appeals, also quoted the AR which indicate she must notarize a document if it is ordered by the court.

see Administrative Regulation #750-01 Legal Access page 3 #7 states: Legal assistants will notarize documents at no charge to the offender, only when mandated by court rule, and only on legal documents in case's in habeas corpus, post conviction relief or conditions of confinement. All other notary service must be obtained by other arrangement.

On 12/26/21 Plaintiff filed a grievance regarding denial of notary and refusing to come to Plaintiffs cell. see grievance R-CSP21/22-00203925-1

Carolyn Replied stating in grievance R-CS 21122-00203925-1 which she responded on 1/13/22 indicating she contacted the Federal court for clarification and was told there was no mandate for a notary from Judge Babcock at that time.

From 9/2021 - current date Plaintiff requested that Carolyn Hansen provide notary cell side due to the fact DOC is depriving Plaintiff of his wheelchair to meet her in visitation. Carolyn Hansen was shown medical records mandating Jabari Johnson is required to have a wheelchair, also informed her of DOC's retaliation and discrimination due to Plaintiff's disability. Hansen began to retaliate refusing to provide cell side assistance pursuant to AR 750-01 Legal Access Attachment F page 3 of 4 under #2. Offenders not allowed physical access to the law library are required to use this form if they need to speak with the facility legal assistant to have specific legal questions answered. The facility legal assistant may assist offenders by personally going to the offenders' cells to determine their legal needs. If appropriate, answers may be provided through written correspondence. Hansen refused in retaliation due to Plaintiff's intent to sue and discriminating due to Plaintiff's disability. Hansen had full knowledge of Plaintiff's inability to meet in the visitation area to complete notary due to DOC's denial of wheelchair. She the retaliated refusing to arrive cell side pursuant to AR 750-01 Legal Access mentioned above which she is required to do. None the less she failed to do so in retailiation. Causing the Plaintiff the inability to sue for actual injurys due to her retailiatory actions denied Plaintiff of access to the courts.

see Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct 2174, 135 L.Ed.2d 609(1996)(More over the right of access extends soley to certain types of legal claims specifically direct appeals from the convictions for which the inmates were incarcerated and civil rights actions to vindicate basic constitutional rights).

see Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct 2174, 135 L.Ed.2d 609(1996)(Retailiation depriving access to the courts, depriving access to civil actions and conditions of confinement violate the 1st Amendment).

see Bounds v. Smith 430 U.S. 817, 825-26, 97 S.Ct 1491 (1977)(Pre Lewis v. Casey case which acknowledge that the Bounds right was limited to challenges to convictions, sentences, and Prison conditions but cautioned that all types of civil Actions states may not errect barriers that impede the right of access to court of incarcerated person.

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

All defendants are being sued in their individual capacity for monetary relief for punitive and compensatory damages of $20 million

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

1/31/22
_____
(Date)

(Form Revised December 2017)

Colorado Department Of Corrections
Name: Anthony J. Johnson
Register Number: 177601
Unit: Colorado State Pen
Box Number: 777
City, State, Zip: Canon City, CO 81215

Clerk of Court
110 Michigan St, N.W.
Grand Rapids, MI 49503

2/6/22

neopost
02/07/2022
US POSTAGE $00.78
ZIP 81212
041L11241745

FACILITY: CSP
DATE REC'D: 02/06/22
STAFF LAST NAME: Root
ID#: 235548
INT: [signature]
DOC#: 177001
OFFENDER LAST NAME: Johnson
INT: [signature]

2/6/22

7:40pm Fatboy Wydner sprayed envelope with Bleach